## United States Fidelity & Guaranty Company v. Foster Deposit Bank's Receiver, et al.

(Decided May 13, 1913).

## Appeal from Bracken Circuit Court.

1   Appeal—Second Appeal—Practice.—Where a case has been appealed to this court and the trial court, on a retrial, follows the instructions given by this court, the case will not be reversed on a second appeal, if the evidence is substantially the same as on the first appeal.

2.   Banks—Duty of Directors in Complying With Conditions in Bond Given to Insure Fidelity of Cashier.—It is the duty of bank directors to substantially comply with the conditions imposed on them in the contract with the surety company on the bond of the cashier, and to exercise ordinary care to examine the accounts of the cashier, but these requirements do not impose on the directors the duty of making such a thorough, intelligent and careful examination of the accounts kept by the cashier as a bank inspector would have made or as probably would have been made by a committee of skilled, trained bookkeepers, and especially is this rule applicable when applied to country banks, the directors of which are usually farmers and merchants.

WORTHINGTON, COCHRAN & BROWNING and H. P. WILLIS for appellant.

THOS. D. SLATTERY, W. H. REES and GEO. B. KENNEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 148 Ky., 776. The evidence on the trial from which this appeal comes is, in all substantial particulars, the same as the evidence on the first trial, and as the evidence on that trial is very fully set out in the former opinion, it would serve no useful purpose to relate it here. The opinion also indicated the instructions that should be given on another trial, and although it is now contended by counsel for appellant that the instructions given did not conform to the directions, we think the court followed accurately the views expressed by this court in the opinion.

It is also very earnestly insisted that the evidence shows conclusively that the directors of the bank did not substantially or at all observe the agreement they made with the appellant concerning the character of examinations the directors would make of the accounts of McMath as cashier, and that they did not exercise ordinary care or any care in making examinations of his accounts, and therefore the jury should have been peremptorily instructed to find a verdict in favor of the guaranty company.

This precise question was pressed on our attention when the case was here before. It was argued then, as it is now, that the case should have been taken from the jury, but, on the facts then before us, we did not agree with counsel that a directed verdict should be ordered, but remanded the case for a new trial, and so under repeated rulings of this court the lower court properly submitted the case to the jury, and the former opinion upon this question is binding upon this appeal.

This really leaves open the single question: Should a new trial be ordered on the ground that the verdict is flagrantly against the evidence? Upon this point the argument is that a substantial compliance with the contract imposed upon the directors the duty of verifying the entries in the books and accounts of the cashier for the purpose of ascertaining, as might have been done, whether or not the entries as they appeared in his books and accounts were correct. For example, it is said that the directors, in place of calling on the cashier for statements.

made by the corresponding banks in which accounts were kept, which statements showed the exact conditions of the accounts and the loans, if any, made by the corresponding banks, accepted memoranda statements of the cashier as to the condition of the loans made by the corresponding banks.

It is very true that if the directors had called for the statements made monthly by the corresponding banks or the letters of advice written by the corresponding banks in respect to loans made by them, and had compared these statements and letters of advice with the entries made by the cashier, the discrepancy in his accounts could and likely would have been discovered and the fraud that he practiced in the manner stated in the former opinion could and would have been detected. But, as held in the former opinion, and as now reiterated, a substantial compliance with the contract, or the exercise of ordinary care on the part of the directors did not impose on them the duty of making such a thorough, intelligent and careful examination of the accounts of the bank kept by the cashier as a bank inspector would have made or as would probably have been made by a committee of skilled, trained book-keepers. To so construe the contract would virtually make the directors insurers of the integrity and efficiency of the cashier and transfer to them the obligation assumed by the guaranty company in making the contract. Under the contract the guaranty company insured the integrity and efficiency of the cashier. That was the very purpose of making the contract, but as a part of the contract, and to save the guaranty company from any loss that it might be saved from by ordinary care on the part of the directors, they agreed to do certain things set out in the former opinion.

In the contract the directors did not make any representations as to what they had done, but only as to what they would do in the future, and these representations, as stated in the former opinion, only obliged the directors to exercise that degree of care "that ordinarily prudent directors of a bank similarly situated would exercise under like or similar circumstances," and it was further said in the opinion that whether or not there was a substantial compliance by the directors with the conditions of the contract was a question for the jury.

There might well be a difference of opinion as to whether the facts showed a substantial compliance with the contract by the board of directors or the exercise of

ordinary care on their part in examining the books and accounts of the cashier, but this was a question, as said in the former opinion, for the jury. Keeping in mind that this was a small country bank and the directors farmers and country merchants, not skilled in banking affairs, it cannot be said that there is not sufficient evidence to support the finding of the jury that the directors exercised, in the examination of the bank, that degree of care as expressed in the instruction, "which an ordinarily prudent director of a bank similarly situated would exercise under like or similar circumstances," and therefore the judgment is affirmed.