## Ewald's Executor v. City of Louisville.

Appeal from Jefferson Circuit Court
(Chancery No. 2).

## Ewald's Executor, et al. v. Commonwealth, et al.

(Decided May 29, 1914.)

## Appeal from Lyon Circuit Court.

Taxation—Action by Revenue Agent—Two Judgments Assessing Same Property for Same Years at Different Places.—It was error to assess the same property for the same years at two different places, and as the City of Louisville was the home of the decedent during the years named, and his executor qualified there, it is directed that the Lyon County case be transferred to the Jefferson Circuit Court and there consolidated with the Jefferson County case, so that the issues may be made and determined in the proper way.

GIBSON & CRAWFORD for appellant.

J. P. WHITTINGHILL, E. C. HUNTSMAN, S. H. HODGES, E. H. JAMES for Commonwealth and Lyon County.

PENDLETON BECKLEY, GEORGE CARY TABB and STUART CHEVALIER for appellee City of Louisville.

Opinion of the Court by Judge Turner—Reversing.

These two cases have been considered by the Court together, and will be passed upon in one opinion.

The case from Jefferson county was one seeking to collect taxes on personal property of L. P. Ewald, deceased, for the years 1904 to 1908, inclusive, the property being large sums of money on deposit in the City of St. Louis in the name of the Ewald Iron Company, of which Company L. P. Ewald was the sole stockholder.

The Lyon county case is a proceeding instituted by a revenue agent for the benefit of the State and Lyon County seeking to assess this same money for the years of 1907 and 1908 upon the theory that it was the property of the Ewald Iron Company during those years, and that inasmuch as Lyon county was designated as the chief place of business of the Ewald Iron Company this money was taxable there.

Neither the Commonwealth nor Lyon County was a party to the Jefferson county suit, nor was the City of Louisville a party to the Lyon county suit.

In the Lyon county suit on the pleadings as presented a judgment was entered assessing this large sum of money in the St. Louis banks in Lyon county, and in effect rendering a judgment against the Ewald estate for a large sum of money in favor of Lyon county and the Commonwealth.

In the Louisville suit against the Ewald estate it was contended by the defendant that the money was not assessable in the State of Kentucky at all, but that if it was assessable in Kentucky it was properly assessable in Lyon county. In that case a large volume of testimony was taken which showed that during all of those years L. P. Ewald was a resident of the City of Louisville, and while Lyon county had been designated in the articles of incorporation as its place of business, the Ewald Iron Company in truth and in fact had conducted its iron business in the City of Louisville exclusively since the year of 1886, and the Jefferson Circuit Court entered a judgment against the Ewald estate assessing this same money for the years named.

So that we have before us for consideration two judgments of two different courts assessing the same property at two different places for the same years, and in neither of the cases was the plaintiff in the other case a

party. Clearly Lyon county and the Commonwealth were not bound by the action of the Jefferson Circuit Court fixing the situs of this money in the City of Louisville for taxation, and clearly the City of Louisville is not bound by the action of the Lyon Circuit Court in fixing the taxable situs of the same money for the same years in Lyon county.

Manifestly this property was not taxable at both places, and if both judgments should be affirmed a great injustice would be done to the Ewald estate; if the Louisville judgment should be affirmed and the Lyon county judgment reversed it would be in effect fixing the tax-able situs of this property in Louisville under the evidence taken in a case to which Lyon county and the Commonwealth were not parties; if the Lyon county judgment should be affirmed and the Jefferson county case reversed it would be in effect fixing the taxable situs of this money in Lyon county as against the City of Louisville, in an action to which it was not a party.

Under the state of these records as we find them it is impracticable, if not impossible, to pass upon these cases on their merits, and inasmuch as it is conceded that the City of Louisville was the home of L. P. Ewald during the years named, and his executor has qualified there, we have deemed it proper to reverse both of these judgments, and direct that the Lyon county case be transferred to the Jefferson Circuit Court and there consolidated with the Jefferson county case, so that the issues between the parties may be made and determined in the proper way.

For the reasons given each of the judgments is reversed for further proceedings consistent herewith.