## Ewald's Executor v. City of Louisville.

## Commonwealth v. Ewald's Executor.

(Decided January 25, 1916.)

### Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

Appeal and Error—Affirmance by Divided Court.—The judgments' appealed from in these two cases stand affirmed, because four members of the court are unable to agree on a decision.

PENDLETON BECKLEY, GEORGE CARY TABB and STUART CHEVALIER for City of Louisville.

GIBSON & CRAWFORD for Ewald's Executor.

HODGES & JAMES, JOHN C. DUFFY, M. H. THATCHER and TRABUE, DOOLAN & COX for Commonwealth and Lyon County.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in each case.

A majority of the members. of the court finding themselves unable to agree as to the judgment that should be entered in these cases, the judgments appealed from must stand affirmed. But in view of the unusual and peculiar situation involved we have thought it proper to set out shortly the facts in the case and briefly the points of difference between the judges that prevent a majority of the court, or four of the judges, from agreeing on an opinion.

The Ewald Iron Company was incorporated under the laws of Kentucky on November 5, 1880. The articles of incorporation specified that the corporation should expire in twenty-five years, or on November 5, 1905. The articles of incorporation further specified that the principal office and place of business of the corporation should be ·in Lyon county, and the company conducted its business, which was the manufacture of iron, in Lyon county until 1886, when it removed its business to the city of Louisville, in Jefferson county. The company owned a large body of land in. Lyon county, and yet owns it, but after 1886 it did not carry on in any manner or form the business of manufacturing iron in Lyon county.

In fact, its business in this respect was as completely removed to Louisville and there carried on as if it had never established or maintained a plant in Lyon county.

From the time of the removal to Louisville until the expiration of the charter in 1905, the entire business of the company in this State was carried on in the name of the company in Louisville, although the corporate home of the company, under the articles of incorporation, continued to be in Lyon county. When the life of the corporation expired on November 5, 1905, the business continued to be conducted in the name of the Ewald Iron Company, at Louisville, Kentucky, exactly in the same manner that it had been conducted during the life of the corporation, and this method of conducting the business continued without interruption until September, 1909.

Prior to 1904 L. P. Ewald, by purchases of the stock, became the sole stockholder of the company, and so continued to be until his death in July, 1909, and during all of this time, and for many years prior thereto, he had been continuously a resident of the city of Louisville.

For the years 1904 to 1908, inclusive, the Ewald Iron Company listed for taxation in its name the land in Lyon county and paid the taxes assessed thereon, but did not, during any of these years, list for taxation or pay taxes on the money sought to be subjected to the payment of taxes in these proceedings.

From the time of the removal of the business of the company to Louisville in 1886, until after the death of Ewald, in 1909, the company paid taxes to the city of Louisville and the State on its manufacturing plant and other tangible property located in the city of Louisville, but did not at any time list for assessment or pay any taxes on the money sought to be assessed in these proceedings. L. P. Ewald, although the sole owner of the Ewald Iron Company, continued to conduct all the business connected with the manufacturing plant in the name of the Ewald Iron Company until his death in 1909; and the money sought to be subjected in these proceedings to taxes for the years 1904 to 1908, inclusive, was on deposit in four different banks in St. Louis, Missouri, in the name of and to the credit of the Ewald Iron Company, there being to its credit on September 1, 1903, $842,310.25; on September 1, 1904, $1,038,152.09; on September 1, 1905, $1,355,799.96; on September 1, 1906, $1,629,836.36; on September 1, 1907, $1,837,404.48; and

the taxes due on this money were payable in the year following the assessment.

It further appears that in all of these years St. Louis, Missouri, was the distributing point for the product of the Ewald Iron Company manufactured in Louisville, Kentucky. In other words, the Ewald Iron Company maintained an office in St. Louis, and all of its product was sold through this office, and the proceeds of sales paid into this office. It also appears that during these years all of the money on deposit in these four banks had been placed on deposit in the name of the Ewald Iron Company by the direction of L. P. Ewald, and that it was at all times subject to checks drawn by him in the name of the Ewald Iron Company, and that no part of this fund so on deposit in these banks was used in the business of the company. The money needed in the business of the company carried on in St. Louis was kept on deposit in another bank, and whenever any money was needed to carry on the business of the Ewald Iron Company, it was obtained by check drawn on this other bank in which the deposit was from time to time replenished as the necessities of the business required. In short, the money mentioned, on deposit in the four banks, appears to have been accumulated from surplus earnings of the Ewald Iron Company that were not needed in the conduct of its business.

In 1910, after the death of Ewald, and five years after the life of the corporation had expired, a revenue agent for the State instituted an action in the Lyon County Court against the Ewald Iron Company seeking to have listed for taxation as omitted property, as of September 1, 1909, $1,800,000.00 on deposit in St. Louis banks to the credit of the Ewald Iron Company. The county court entered a judgment assessing the property, and on an appeal to the circuit court, the judgment of the county court was sustained. From this judgment an appeal was taken to this court and the opinion of this court may be found in 140 Ky., 692.

It appears from the opinion in this case that the assessor of the city of Louisville and Jefferson county, claiming that this money sought to be assessed in Lyon county, and which was on deposit in the St. Louis banks in the name of the Ewald Iron Company was in fact the money of L. P. Ewald's estate, assessed it as of September 1, 1909, in the name of L. P. Ewald's executor. On

the appeal to this court, the attorney for the city of Louisville, although neither the city of Louisville nor Jefferson county was a party to the suit, appeared by permission of the court in the case and insisted that the Jefferson county assessment should be sustained.

As said by the court in the opinion: "The only question made is whether it should be assessed as the property of the Ewald Iron Company in Lyon county, or in the name of L. P. Ewald, in Jefferson county. It is agreed that Lyon county was the residence of the corporation, and if the property should be assessed in its name, it must be assessed there. It is also agreed that Jefferson county was the residence of L. P. Ewald, and if the property should be assessed in his name, it should be assessed in Jefferson county."

Section 561 of the Kentucky Statutes provides, in part; "And when any corporation expires by the terms of the articles of incorporation, or by the voluntary act of its stockholders, it may thereafter continue to act for the purpose of closing up its business, but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible." Construing this statute, the court in the opinion said:

"When the charter of the Ewald Iron Company expired, it wholly disregarded the statute. It did not proceed in any sense to close up its business, and took no steps in this direction, but continued to do business just as it had before in disregard of the statute. * * * When, as in this case, the corporation continues to act and carry on its business as before, taking no steps to close up after the articles of incorporation have expired, the stockholders are simply doing business as partners. They are personally liable for all debts made, and acts done are not the acts of the corporation, but the acts of the stockholders. The situation for the purposes of taxation is precisely the same as in any other case of partnership; that is, the property should be given in for taxation in that county where it would be given in for taxation if the parties had done business under a firm name, and not under the name of a corporation. * * *

"It is true that there was only one stockholder in this case, but the fact that there was but one stockholder does not change the legal aspect of the case. L. P. Ewald was simply doing business in the name of the Ewald Iron Co., not as a corporation, for the corporation had

expired, but for himself; and for the purpose of taxation the rights of the parties are not different from what they would be if he had done business in the name of L. P. Ewald & Co. He was the sole stockholder; he had charge of the corporation. Having control of the corporation he did not wind it up, and, in disregard of the Statute, continued to do business in that name, thus failing to give in the property for taxation as his property at his residence. * * * The money had no situs in St. Louis; it was simply deposited there. It was personal property which followed the person and was subject to taxation at the domicile of the owner. The owner of the property on September 1, 1909, was L. P. Ewald's executor, and its domicile was in Louisville.''

The court further said: ''While the existence of the corporation continues after the expiration of its articles of incorporation, for the purpose of winding up its business, this continuance of its existence is for that purpose and no other. The continued existence of the corporation cannot be extended by the failure of its officers to comply with the statute. They have a reasonable time to wind up its business, but when such reasonable time has expired, they cannot be heard to say that the corporation is still in existence, and thus defeat their liability for taxes at their residence. After the expiration of a reasonable time for closing up the business of the corporation, it is not in existence under the statute, and the title to its property vests in the stockholders for the purpose of taxation. * * * Two years is a reasonable time ordinarily for closing up the business of a corporation, and where the provisions of the statute are entirely disregarded, the parties will not be heard to say that two years is not reasonable time. We, therefore, conclude that the corporate existence of the Ewald Iron Co. expired for all purposes long before the death of L. P. Ewald, and that the money here in controversy is taxable as his property at his residence.''

In an extended opinion that may be found in 142 Ky., 465, the court said: ''The corporation expired for business purposes on November 5, 1905. The property held in its name should be taxed in its name and as its property until November 5, 1907; after that time it should be taxed in the name of L. P. Ewald, and as his property.''

After these opinions were handed down, the Ewald estate, in compliance with the rule announced in these

opinions, paid the taxes assessed against the Ewald Iron Co. for the years 1909 and 1910, in Louisville, Jefferson county. So that the taxes for these two years are not in controversy.

While the case mentioned was pending in this court, Lyon county and the Commonwealth, through a revenue agent, instituted proceedings in Lyon county for the benefit of the Commonwealth and Lyon county against the executors of Ewald, seeking to assess his St. Louis money for the years 1907 and 1908, as of the taxing dates of September 1, 1906, and September 1, 1907, on the theory that it was the money of the Ewald Iron Co. and consequently had a taxable situs in Lyon county. The city of Louisville also instituted proceedings against the estate of Ewald seeking to assess this money for the years 1904 to 1908, inclusive, upon assessments made as of September 1, 1903-1907, inclusive, on the theory that this St. Louis money, although deposited in the name of Ewald Iron Co., was, in fact and in truth, the individual property of L. P. Ewald, and therefore subject to taxation at the place of his residence.

A judgment was given in Lyon county against the estate, requiring it to pay the taxes charged for the years 1907 and 1908; and a judgment was also given in Louisville against the estate requiring it to pay the taxes for the years 1904-1908, inclusive. From these judgments the estate prosecuted appeals to this court, and the two cases were heard and disposed of in one opinion, that may be found in 159 Ky., 323. In that opinion, reversing each of the judgments, the court said:

"So that we have before us for consideration two judgments of two different courts assessing the same property at two different places for the same years, and in neither of the cases was the plaintiff in the other case a party. * * * Manifestly this property was not taxable at both places, and if both judgments should be affirmed, a great injustice would be done to the Ewald estate; if the Louisville judgment should be affirmed and the Lyon county judgment reversed, it would be in effect fixing the taxable situs of this property in Louisville under the evidence taken in a case to which Lyon county and the Commonwealth were not parties; if the Lyon county judgment should be affirmed and the Jefferson county case reversed, it would be in effect fixing the taxable situs of this money in Lyon county as against the city of Louisville, in an action to which it was not a party.

Under the state of these records as we find them, it is impracticable, if not impossible, to pass upon these cases on their merits. * * * We have deemed it proper to reverse both of these judgments, and. direct that the Lyon county case be transferred to the Jefferson Circuit Court and there consolidated with the Jefferson county case, so that the issues between the parties may be made and determined in the proper way."

In conformity. to this opinion, the Lyon county case was transferred to the Jefferson Circuit Court and heard and disposed of by the Jefferson Circuit Court in connection with the Louisville case. The judgment of that court was that this St. Louis money had a situs for taxation in Louisville, Ky., for the years 1904 to 1908, inclusive, and the estate. of Ewald was adjudged to pay the city of Louisville the taxes due for these years. From the judgment the Commonwealth and Lyon county prosecute an appeal, and the Ewald estate also prosecutes an appeal, insisting that this money did not have a taxable situs in this State, in any of these years, but that if it had a taxable situs in this State that situs was in Lyon county, Kentucky.

On the facts we all agree that the money in St. Louis had a situs in this State for taxation; and Chief Justice Miller and Judges Turner and Clarke are of the opinion that the judgment of the Jefferson Circuit Court should be affirmed in its entirety, upon the ground that the money sought to be taxed was, during all of these years, in fact the money of L; P. Ewald and not the money of the Ewald Iron Company; that although it was on deposit in St. Louis banks in the name of and to the credit of the Ewald Iron Co., it had been so deposited by direction of L. P. Ewald and was subject to withdrawal only by him; that it was not used in carrying on the business of the L. P. Ewald Iron Company; that it was placed on deposit to the credit of the Ewald Iron Company by L. P. Ewald in an effort to evade the tax laws of this State and to prevent it from being subjected to the taxes assessed against L. P. Ewald.

Judges Settle, Hurt and Carroll are of the opinion that. the money on deposit in the St. Louis banks in the name of the Ewald Iron Co., and which had been made in the business conducted by this company, had a taxable situs at the charter home of the Ewald Iron Co. in Lyon county during the life of the corporation, and until November 5, 1905, and consequently the taxes payable in

the years 1904, 1905 and 1906 were due in Lyon county; but that after the life of the corporation expired, and on the assessing periods of September 1, 1906 and 1907, this money had a taxable situs at the home of L. P. Ewald in Louisville, and therefore the taxes due in 1907 and 1908 were payable in Louisville, Kentucky. They are further of the opinion that the rule laid down in the opinions in 140 Ky. and 142 Ky., that the property of a corporation has a taxable situs at the home of the corporation for two years after its corporate life has expired, applies only when the corporation is a going concern at the time its articles of incorporation expire and there is some reason why it should be allowed time in which to wind up its business, and do not apply to a case like this in which the corporation had no business of any kind to wind up when its life expired.

Judge Thomas is of the opinion that the decision of this court in 140 Ky., and in the extended opinion in 142 Ky., are binding and conclusive on the question that the Ewald Iron Co. continued in existence at its corporate home in Lyon county for two years after the expiration of the articles of incorporation; and this being so, this money, which was derived from the business of the Ewald Iron Co., and was on deposit in the St. Louis banks in the name of this company, had a taxable situs at the corporate home of the company in Lyon county until November 5, 1909; or, in other words, at the assessing periods of September 1, 1906 and 1907, and therefore the taxes due in 1907 and 1908 should be paid in Lyon county.

The judgment in each case is affirmed by a divided court.