## Wheeler, By et al. v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided October 11, 1916.)

### Appeal from Grant Circuit Court.

1.  Appeal and Error—Law of the Case.—The rule is thoroughly established that the opinion of the Court of Appeals delivered on a first appeal, is the law of the case, and that all questions of law then presented are conclusively settled.
2.  Appeal and Error—Former appeal.—The judgment of the Court of Appeals on a former appeal is equally binding on that court, as well as upon the parties to the appeal.

FAULKNER & FAULKNER, W. W. DICKERSON and O. S. HOGAN, for appellants.

A. G. DE JARNETTE and GALVIN & GALVIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

This is the second appeal in this case. The first appeal was from a judgment awarding the plaintiff, Wheeler, $10,000.00 damages for personal injuries. That judgment was reversed upon the ground that the trial court had erred in refusing to peremptorily instruct the jury to find for the defendant. C. N. O. & T. P. Ry. Co. v. Wheeler, 160 Ky. 215.

In the former opinion the facts were set forth in detail, and the reasons for the ruling of the court in reversing the first judgment were fully stated.

It is therefore unnecessary to again recite the facts or the reasons given in the first opinion for the ruling

of the court.  It is sufficient to say that the plaintiff, Wheeler, was given a permit to ride on the company's engines for the purpose of learning the duties of a fireman; that the engineer of the train on which he was riding suggested that he board a heavier train going in the opposite direction and which would pass Corinth, running under slow orders; that Wheeler, of his own accord, left the train on which he was riding, and in attempting to board the heavier train, was injured.

Under these facts this court was of the opinion that the engineer of neither train was guilty of any negligence for which the company could be held liable; and, as his duty did not require the plaintiff to get on the train which injured him, he acted on his own responsibility alone, and assumed the risk of injury from the moving train.  And, as a matter of law, the court there concluded that defendant was entitled to a peremptory instruction.

Upon the return of the case it was tried a second time; and the evidence being not materially different from what it was on the first trial, the circuit court peremptorily instructed the jury to find for the defendant.  Counsel for appellant not only concedes that the proof was the same as on the first trial, but also that the circuit court was bound by the former opinion of this court directing it to peremptorily instruct the jury to find for the defendant.  Nevertheless, the appellant has appealed from the second judgment, insisting that there was actionable negligence upon the part of the company's agents and employes, and that the last judgment should be reversed, notwithstanding the former opinion.

The burden of appellant's argument is, that although the facts proven on the last trial are not materially different from those proven on the first trial, nevertheless, they are substantially different from the court's understanding of the facts as set forth in the former opinion; and, that being true, the law is different.

However, as we read the record and the argument for the appellant upon this appeal, we find them in no material respect different from the record and the argument upon the first appeal.

The rule is thoroughly established that the opinion of this court delivered on a first appeal, is the law of the case, and all questions of law then presented are

conclusively settled. I. C. R. R. Co. v. Long, 146 Ky. 170; Straight Creek Coal Co. v. Huddleston's Admr., 147 Ky. 94; Barnes' Admr. v. C. & O. Ry. Co., 147 Ky. 805; Harcourt & Co. v. Redmon, 149 Ky. 612; U. S. F. & G. Co. v. Foster Deposit Bank's Receiver, 153 Ky. 698; C. N. O. & T. P. Ry. Co. v. Martin, 154 Ky. 348.

Furthermore, the judgment of the Court of Appeals on a former appeal is equally binding on that court, as well as upon the parties to the appeal. Heard v. Cherry, 150 Ky. 318.

It is easily apparent that if the rule were different there would be no such thing as a final disposition of a case, since every case, although once decided by this court, could be re-examined upon the points which had theretofore been decided.

We see no reason for departing from the rule which has been so thoroughly established in this jurisdiction; on the contrary, we deem the rule an indispensable one in the administration of justice.

Judgment affirmed.