### Ewald's Executor v. City of Louisville.

### Commonwealth v. Ewald's Executor.

(Decided November 28, 1916.)

### Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

GIBSON & CRAWFORD for appellant, Ewald's Executor.

PENDLETON BECKLEY, GEORGE CARY TABB and STUART CHEVALIER for City of Louisville.

HODGES & JAMES, JOHN C. DUFFY, M. H. THATCHER and TRABUE, DOOLAN & COX for Commonwealth.

Response to the petition for modification and extension of the opinion rendered October 17, 1916—By Judge Thomas.

The petition for modification and extension of the opinion rendered herein, which opinion is found in 171

Ky. 509, calls our attention to the fact that in that opinion we overlooked certain personal property belonging to the estate of L. P. Ewald which he had failed to list for taxation for the taxing years of 1904, 1905 and 1906. The opinion referred to seems to have only decided that the estate of Ewald was not liable for the personal property held in the name of Ewald Iron Company for those years. The record shows that at the assessing periods for those years Mr. Ewald was the owner of other personal property besides the money on deposit in the name of the Ewald Iron Company, and which had failed to be assessed for taxation for either of the years mentioned. This property consisted of 850 shares of the capital stock of Helmbacher Forge and Rolling Mill Company, and 500 shares of the capital stock of Granby Mining and Smelting Company, and perhaps other personalty. The proceedings are broad enough to authorize the court to assess this property for taxation for the above named years, and, under the testimony, it clearly had a right to do so. The fact that the stock in these corporations was kept by the owner in some safety vault in the city of St. Louis, Missouri, does not deprive it from having a situs for taxation in the city of Louisville, Kentucky, the home of Ewald. It results, therefore, that the opinion, when it denied the city the right to any taxes for those years, went further than the facts justified, and the petition for modification is sustained to the extent that the judgment should tax all the personal property belonging to the decedent for the years mentioned, except the money on deposit in St. Louis banks in the name of the Ewald Iron Company. In other respects it is overruled, and the mandate should be corrected so as to conform herewith. Upon the return of the case, the value of the stocks mentioned, and other personal property, if any, owned by Ewald in his individual name at the assessing periods for those years, should be fixed by the court and judgment rendered accordingly.