## City of Louisville, Ky. v. Fidelity & Columbia Trust Company, Executor and Trustee of the Estate of L. P. Ewald, Deceased.

(Decided December 17, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Appeal and Error—Effect and Scope of Opinion on Subsequent Trial.—When a case is decided by this court all questions raised on the appeal, or that might have been raised, must be regarded

as settled by the opinion although they may not have been noticed in it.

GEO. CARY TABB, STUART CHEVALIER and PENDLETON BECKLEY for appellant.

GIBSON & CRAWFORD and WILLIAM W. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The question in this case is whether stock owned by L. P. Ewald in the Ewald Iron Company can be subjected to taxation by the city of Louisville. It is sought to charge the estate of Ewald with the tax on this stock upon the ground that he was the sole stockholder in the Ewald Iron Company, which had never paid any taxes to the city.

At the outset we are confronted by the argument of counsel for the Ewald estate that this question has heretofore been determined by this court adversely to the city of Louisville, and of course if this is so, that is an end of the matter.

There is no uncertainty in the opinions of this court as to the effect and scope of the rule of practice relied on by counsel. It has been declared many times. Thus it was said in Cox's Admr. v. L. & N. R. R. Co., 137 Ky. 388: "When once a case is decided and the opinion therein becomes final, all questions raised on that appeal, or that might have been raised, must be regarded as settled by the opinion. . . . This rule has heretofore been so frequently announced and so uniformly adhered to and is so thoroughly understood by the profession that a citation of the authorities is deemed unnecessary."

Again in Goff v. Lowe, 141 Ky. 799, the court said: "When a case is brought here the opinion is conclusive of all questions either decided in the opinion or presented by the record and passed unnoticed in the opinion; for what the court passes unnoticed must be deemed to be approved. Were the rule otherwise litigation would be interminable, and reversals in cases of this sort might be made without number, first upon one ground and then upon another. Such a practice would encourage parties to present only some of the errors on one appeal, and hold back the others for service at a future time. The opinion on an appeal is the law of the case, and is conclusive of all matters then before the court."

Having these rules in mind, let us now see if the question presented in this case has been heretofore brought before this court in other cases involving the right of the city to tax Ewald's personal property, and passed on by us in such a way as to conclude further inquiry into the question presented on this appeal. The matter of taxing Ewald's property has been before the court four times; Ewald's Exetr. v. City of Louisville, 159 Ky. 323; Ewald's Exetr. v. City of Louisville, 168 Ky. 71; Ewald's Exetr. v. City of Louisville, 171 Ky. 509; Ewald's Exetr. v. City of Louisville, 172 Ky. 451.

When the case in 159 Ky. was here, counsel for the city in their brief said: "This may be considered a proceeding to tax the stock of the corporation in the hands of a stockholder, which becomes liable to taxation where the corporation has failed to pay taxes on all of its property in Kentucky, and the Ewald Iron Company so failed." It will thus be seen that the identical question here made by counsel for the city was pressed on the attention of the court in the 159 Ky. case, and it must be conceded that the same relief could have been given by the court in that case that it is sought to have the court give on this appeal. But it appears from the opinion in the 159 Ky. case that neither the question here submitted nor any other question affecting the merits of the case was considered by the court. For reasons stated in the opinion the court declined to pass on the merits of the case in any manner. We may therefore put that appeal as well as the opinion in 159 Ky. out of the way.

When the case was here on the second appeal in which the opinion in 168 Ky. was written it was again insisted by counsel for the city that the city had the right to tax the stock of Ewald in the Ewald Iron Company, and so the question here presented was before the court in the 168 Ky. case and might have been decided by the court on that appeal. It does not appear, however, from the opinion that the question of taxing the stock of Ewald in this company was disposed of although the opinion shows that Ewald was the sole stockholder in the company.

A petition for a rehearing in the 168 Ky. case was filed by counsel for the Ewald estate, but no mention was made in the response to this petition of the question now before us,

After this response was handed down, or perhaps before, a petition for modification and extension of the opinion in 168 Ky. was filed by counsel for the city and in this petition they said: "May we also ask in this connection on what possible ground can the court deny the city the right to recover taxes for the years 1904, 1905 and 1906 on the stock of L. P. Ewald in the Ewald Iron Company?"

In response to the petition for modification and extension of the opinion the court said in the opinion in 172 Ky. 451, that "The petition for modification and extension of the opinion rendered herein, which opinion is found in 171 Ky. 509, calls our attention to the fact that in that opinion we overlooked certain personal property belonging to the estate of L. P. Ewald which he had failed to list for taxation for the taxing years of 1904, 1905 and 1906. The opinion referred to seems to have only decided that the estate of Ewald was not liable for the personal property held in the name of Ewald Iron Company for those years. The record shows that at the assessing periods for those years Mr. Ewald was the owner of other personal property besides the money on deposit in the name of the Ewald Iron Company, and which had failed to be assessed for taxation for either of the years mentioned. This property consisted of 850 shares of the capital stock of Helmbacher Forge and Rolling Mill Company, and 500 shares of the capital stock of Granby Mining and Smelting Company, and perhaps other personalty. The proceedings are broad enough to authorize the court to assess this property for taxation for the above named years, and, under the testimony, it clearly had a right to do so. . . . It results therefore, that the opinion, when it denied the city the right to any taxes for those years, went further than the facts justified, and the petition for modification is sustained to the extent that the judgment should tax all the personal property belonging to the decedent for the years mentioned. . . . Upon the return of the case, the value of the stocks mentioned, and other personal property, if any, owned by Ewald in his individual name at the assessing periods for those years, should be fixed by the court and judgment rendered accordingly."

It would seem from this response, which must be read in connection with and as a part of the opinion, that the

court directed that upon a return of the case there should be assessed against Ewald, not only the stock in the Helmbacher Forge and Rolling Mill Company, the shares of stock in the Granby Mining and Smelting Company but all other personal property that he owned.

We see no escape from this conclusion when the direction to the lower court was that upon a return of the case the value of the stock mentioned "and other personal property, if any, owned by Ewald" should be fixed, by the court and assessed against his estate.

On a return of the case to the lower court, the court fixed a value on and assessed against Ewald's estate the shares of stock in the Helmbacher Forge and Rolling Mill Company, the stock in the Granby Mining and Smelting Company and cash in some St. Louis banks, but declined to assess against Ewald's estate the value of the stock that he owned as the sole stockholder in the Ewald Iron Company. We are inclined to think that the court was in error in its conclusion that the right to assess and tax this stock was precluded by the opinions of this court in the cases mentioned. A number of confusing and complicated questions were presented in these various appeals and if it were not for what was said in the opinion in 172 Ky. 451, we would have no doubt about the proposition that the city was concluded by the former opinions under the rule that every question raised on the appeal or that might have been raised, must be deemed settled by the opinion, whether it is mentioned in the opinion or passed unnoticed.

But when the court distinctly said in the opinion in 172 Ky. that the stock of Ewald in the Forge and Rolling Mill Company and in the Granby Mining and Smelting Company, as well as other personal property owned by him, should be assessed for taxation, it seems quite clear that the court intended that all the personal property owned by Ewald, including the shares of stock in the companies mentioned, might be assessed for taxation.

We do not, however, in this opinion, determine that the value, if any, of the stock owned by Ewald in the Ewald Iron Company, should be assessed for taxation against his estate. We merely hold that if the stock owned by Ewald in the Ewald Iron Company was subject to assessment and taxation it should be assessed and its value fixed by the lower court.

Wherefore, the judgment is reversed, with directions to the lower court to find (1) whether Ewald's estate should be charged with taxes on the stock owned by him in the Ewald Iron Company; (2) if the court finds it should be, to assess and fix a value on the same.

Judgment reversed for proceedings in conformity with this opinion.