## Horton v. Louisville & Nashville Railroad Company.

(Decided April 27, 1923.)

### Appeal from Lee Circuit Court.

1. Appeal and Error—Former Opinion is Conclusive Against Question Raised by Record, But Not Noticed in Opinion.—The opinion on a former appeal is conclusive of all questions, either decided in the opinion or presented by the record and passed unnoticed in the opinion, unless the court expressly reserves a question presented by the record.

2. Appeal and Error—Former Opinion Held Law of Case that Evidence was Sufficient to Take Issue to Jury.—Where the record on appeal raised the question of the sufficiency of the evidence to sustain a verdict for plaintiff by exception to the overruling of defendant's motion for a peremptory instruction, the opinion on that appeal, reversing the judgment solely on the ground the petition was insufficient to state a cause of action, is the law of the case that the evidence was sufficient to take the question to the jury, so that it was error on a second trial to instruct a verdict for defendant, where the evidence was substantially the same.

3. Trial—Motion for Peremptory Instruction for Defendant Tests Sufficiency of Petition, as well as of Evidence.—A motion by defendant for a peremptory instruction tests the sufficiency of the petition to state a cause of action, as well as the sufficiency of the evidence.

4. Appeal and Error—Opinion Held Law of Case that Evidence was Sufficient, Notwithstanding Insufficiency of Petition.—Though defendant's motion for peremptory instruction raised the question of the sufficiency of the petition, as well as the sufficiency of the evidence, his former appeal, assigning error in overruling that motion, presented both questions, so that an opinion reversing the judgment for insufficiency of the petition, without mentioning sufficiency of the evidence, was the law of the case that the evidence was sufficient.

5. Appeal and Error—Trial Court Held Authorized to Permit Amendment of Petition.—Where an opinion reversing a judgment for

plaintiff on the ground that his petition did not state a cause of action concluded by remanding the cause for further proceedings not inconsistent therewith, the trial court was thereby authorized to permit an amendment of the petition, since otherwise there could be no further proceedings, and the action would have been dismissed.

6. Railroads—Petition Alleging Last Clear Chance Need Not State Train Could Have Been Stopped Consistent with Safety.—A petition based on the doctrine of last clear chance, which alleged facts showing that plaintiff's peril was discovered by defendant's engineer in time to have avoided the injury by the exercise of ordinary care, and that he failed to exercise such care, was not defective because it failed to allege that the train could have been stopped, consistent with the safety of the persons thereon, though that qualification is sometimes required in instructions to the jury, in order to state correctly the extent of the engineer's duty.

JOHN D. CARROLL, H. T. BEATTY, J. MOTT McDANIEL and S. P. STAMPER for appellant.

BENJAMIN D. WARFIELD, ROSE & STAMPER, HUNT, NORTH-CUTT & BUSH, ASHBY M. WARRENT, C. S. LANDRUM and S. M. WILSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action to recover damages for personal injuries, based upon a failure of the defendant to warn plaintiff of the train's approach, as well as a failure to stop it in time to avoid injuring him after discovering his peril, the case was submitted to the jury upon the latter issue only, and plaintiff recovered a verdict and judgment for $5,000.00. In reversing that judgment, we held that the petition did not state a cause of action upon either of the two grounds attempted, and that the court erred in overruling a demurrer thereto, as well as in the admission of evidence and in the instructions given. L. & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084.

We did not, however, in that opinion refer to the question of the sufficiency of the evidence to carry the issue of discovered peril to the jury, although counsel for defendant, in brief, insisted as a ground for reversal that the court erred in overruling its motion for a directed verdict because both the pleadings and evidence were insufficient to support that issue.

Upon a return of the case to the lower court, plaintiff was permitted, over defendant's objection, to file an

amended petition, in which he attempted to perfect his cause of action solely upon the theory that the defendant negligently injured him after discovering his peril. Although the evidence upon that issue was the same upon both trials, as is not denied by counsel for defendant, the court, at the conclusion of plaintiff's evidence, directed a verdict for the defendant, and dismissed the action.

For reversal of that judgment, plaintiff insists that under the doctrine of the "law of the case" as observed in this state, the former opinion in effect held, and conclusively determined, that plaintiff's evidence on the first trial was sufficient to carry that issue to the jury, and that the lower court therefore necessarily erred in deciding otherwise upon the second trial.

Appellate courts have quite generally recognized this doctrine, although there is much diversity of opinion both as to its true character and its proper limitations, as well as some tendency to question its soundness, however restricted. (Hastings v. Foxworthy, 45 Nebr. 676, 34 L. R. A. 321, and note.) But the rule long established and uniformly observed by this court, as well as most others, is thus stated in Goff v. Lowe, 141 Ky. 799, 133 S. W. 995:

"When a case is brought here, the opinion is conclusive of all questions either decided in the opinion or presented by the record and passed unnoticed in the opinion; for what the court passes unnoticed must be deemed to be approved."

Continuing, the court states as the reason supporting the rule:

"Were the rule otherwise, litigation would be interminable, and reversals in cases of this sort might be made without number, first upon one ground and then upon another. Such a practice would encourage parties to present only some of the errors on one appeal and hold back the others for service at a future time. The opinion on an appeal is the law of the case, and is conclusive of all matters then before the court."

Some of the many cases to the same effect are: Cox's Admr. v. L. & N. R. R. Co., 137 Ky. 388, 125 S. W. 1056; City of Louisville v. Fidelity & Columbia Trust Co., 182 Ky. 551, 206 S. W. 778; U. S. Fidelity & Guaranty Co., v. Foster, 153 Ky. 698, 156 S. W. 371; Wall's Extrs. v. Dimmitt, 141 Ky. 715, 133 S. W. 768; U. S. Fidelity & Guaranty Co. v. Blackley, 27 Ky. L. R. 392; Ill. Life

Ins. Co. v. Wortham, 119 S. W. 802; Smith v. Brannin, 79 Ky. 114; Dupoyster v. Ft. Jefferson Imp. Co., Receiver, 121 Ky. 518, 89 S. W. 509.

In recognition of this rule, and in order to avoid its consequences, it long has been the practice of this court to expressly reserve in its opinions any questions presented by the record which it desires to leave open, just as was done upon the first appeal of the case of L. & N. R. R. Co. v. Wright, 186 Ky. 498, 217 S. W. 1016. Hence the fact that upon a second appeal of that case, reported in 193 Ky. 59, 235 S. W. 1, we held that the opinion on the former appeal did not conclude a question presented by the record but not expressly decided therein, does not furnish authority for so holding here, as is contended by appellee.

As there was no such reservation in the opinion upon the former appeal of this case, it results that under our rule, which we have no disposition either to restrict or enlarge, all questions then presented by the record, whether discussed in that opinion or not, were concluded thereby.

Hence, the only remaining inquiry is, whether the sufficiency of the evidence upon the question of discovered peril was presented by the record on the first appeal, and of this there can be no kind of doubt, since that issue was submitted to the jury on the same evidence produced on the second trial after the question of its sufficiency had been raised by defendant's motion for a directed verdict, which the court overruled, over its exception and objection.

It is urged, however, for the defendant, that its motion for a directed verdict raised the question as to the sufficiency of the petition to state a cause of action, and that only that question was concluded on the former appeal. It is true, as urged, that a motion for a peremptory tests the sufficiency of the pleadings, as well as the evidence. Hines v. Burns, 189 Ky. 761, 226 S. W. 109; C., N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 144, 181 S. W. 940; L. & N. R. Co. v. Parker's Admr., 165 Ky. 658, 177 S. W. 465; L. & N. R. Co. v. Paynter's Admr.. 26 Ky. L. R. 761; Louisville Ry. Co. v. Hibbitt, 139 Ky. 45, 129 S. W. 319; Schulte v. L. & N. R. Co., 128 Ky. 627, 108 S. W. 941.

But both questions were thus raised, and upon the former record we would have been compelled to reverse the case, as we were urged to do, if either the petition or the evidence had been found insufficient to carry the case

to the jury. Certainly then both questions were here, and were concluded by the opinion, although but one of them was discussed. The fact that the other was passed in silence, and not reserved, can only mean, as we have seen, that it was decided adversely to the then appellant, and it results that the lower court, on the return of the case and upon the same evidence, was without power to decide it otherwise.

The judgment must therefore be reversed, unless, as urged for the defendant, the court, upon the return of the case, erred in permitting the plaintiff to amend his petition or that the petition, even as amended, did not state a cause of action.

The former opinion concludes with this statement: "The judgment is therefore reversed, and the cause remanded, with directions to set aside the judgment and the judgment overruling the general demurrer to the petition, and to sustain same, and for other proceedings not inconsistent with this opinion."

If the court had not recognized the right of the plaintiff, upon return of the case, to amend his petition, there could have been no reason for remanding the case "for other proceedings not inconsistent with this opinion," and it would have directed a dismissal of the action, since if plaintiff could not amend his petition, no further proceedings were possible.

In denying the same contention, the court in Vest v. Norman, 10 Ky. Opin. 754, said:

"There was no error in allowing the amended petition to be filed. This court reversed the former judgment because the petition was defective, and the right to amend was the same as it would have been if the court below had granted a new trial on the same ground upon which the judgment was reversed."

It is next contended that the petition as amended did not state a cause of action because of the failure to qualify the allegation that the train could have been stopped before striking appellant, by using the means at hand, with the clause "consistent with the safety of the persons on the train." It is insisted that this qualification was required by the opinion on the former appeal, as well as by the opinion in L. & N. R. Co. v. Benke's Admr., 176 Ky. 259, 195 S. W. 417.

The petition was held fatally defective on the former appeal of this case only because of plaintiff's failure to allege "that the engineer discovered his peril in time

before striking him, by the exercise of ordinary care to have avoided injury to him;'' but it was not held there, nor in the Benke case—nor in any other case that we have been able to find—that the qualifying clause referred to above was necessary in the statement of a cause of action upon the ground of discovered peril. We have, however, in some cases, including the Benke case, held that this idea should be embodied in the instructions, but in other cases these words were not used in approved instructions. See Hobson on Instructions, page 620.

The reason for this seeming inconsistency is not hard to find, since this qualification may or may not be necessary in the instructions, depending upon the evidence as to whether or not the engineer's duty to those who were upon the train as passengers or employes was involved in the exercise of his duty to observe the due care to avoid striking plaintiff after discovering his peril.

But to state a cause of action on this specific ground it is only necessary to allege the facts showing the peril, that it was discovered by the engineer in time to have avoided the injury by the exercise of ordinary care, and that he failed to exercise such care; whereas, in order that the jury may understand the measure of care that the engineer under the circumstances ought to have employed, it may or may not, depending upon the circumstances, be necessary in defining ordinary care, although probably always permissible, to call their attention to the engineer's duty, not only to the plaintiff but to those upon his train as well.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.

Whole court sitting.