## Nerren v. Kentucky Water Service Co., Inc.

May 30, 1950.

Elvis J. Stahr, Sr., Judge.

John C. Bondurant for appellant.

James G. Wheeler, Thomas J. Marshall, Jr., Wyatt, Grafton & Grafton, and Cornelius W. Grafton for appellee.

JUDGE CAMMACK—Affirming.

The appellant's house burned in the City of Hickman in March, 1948. He instituted this action against the Kentucky Water Service Company to recover damages for the loss of his house because of the alleged negligence of the Company in failing to supply sufficient water to extinguish the fire. The appeal is from a judgment sustaining a demurrer to the appellant's petition as amended.

The appellee purchased the Water Plant from the Kentucky Utilities Company in 1947. That Company ob-

tained a five year franchise from the City in 1933. In 1939, the Utilities Company purchased a 20 year franchise. The 1933 franchise contained a schedule of rates in which a charge was made for fire hydrant service. In 1934, the Public Service Commission was created. KRS, Chapter 278. That Commission was given jurisdiction over public utilities rates. The Utilities Company duly filed its schedule of water rates for the City of Hickman. Section 6 of the 1939 franchise provides: ''The purchaser of this franchise shall have the right to charge for water supplied within the City, rates that are reasonable and that are subject to regulation by the Public Service Commission of Kentucky.''

Section 7 of the franchise, a principal subject of this litigation, follows: ''The grantee shall be under no obligation to furnish any service for fire protection and shall in no event be under any liability for any failure to furnish such service.''

At or about the time the Utilities Company purchased the franchise in 1939, it entered into a supplemental contract with the City under which the City was given the right to use the fire hydrants connected to the water mains without charge for the purpose of furnishing fire protection in the City. The City was also given the right to repair and maintain the fire hydrants at its own expense. The contract also contained a provision embodying the terms of Section 7 of the franchise.

The appellant contends that, because the water rates in Hickman were the same as those set out in the 1933 franchise, it was still operating under that franchise. It is contended also that Section 7 of the 1939 franchise is void as being against public policy.

We have noted that the 1939 franchise expressly provided that the rates were subject to the jurisdiction of the Public Service Commission. The mere fact that the rates in effect when the appellant's house burned were the same as those provided in the 1933 franchise would not have the effect of continuing in force the 1933 franchise.

Since the case of Paducah Lumber Company v. Paducah Water Supply Company, 89 Ky. 340, 12 S. W. 554, 13 S. W. 249, 11 Ky. Law Rep. 738, 7 L. R. A. 77, 25 Am. St. Rep. 536, the right of a citizen to maintain

an action against a water company for breach of contract has been recognized. In the case of Clay v. Catlettsburg, Kenova & Ceredo Water Company, 301 Ky. 456, 192 S. W. 2d 358, we declined to extend our rule to hold a water company liable for a common law tort. The basis of the decision for the plaintiff in the Clay case was that, after the franchise had expired, the water company continued to furnish the same services it was furnishing under the franchise, and it continued to collect the same fire hydrant rentals as provided in the franchise.

This brings us to the question of fire protection under the 1939 franchise and the accompanying contract. After that date no charge was made by the Water Company for fire hydrant service and the City was given the right to prepare and maintain the fire hydrants at its own expense. On the other hand, the Utilities Company was relieved of liability for any inadequacy or any insufficiency of fire hydrant service, regardless of the nature of the inadequacy or the insufficiency. After 1939, there was no basis for an action against the Utilities Company on a breach of contract for failure to furnish water for fire protection. Furthermore, we fail to see how Section 7 of the 1939 franchise is void against public policy. The City had the right to sell a franchise under such reasonable terms and provisions as it saw fit. The question of fire protection addressed itself primarily to the City and not the Utilities Company. The City was relieved of the payment of fire hydrant rentals and it assumed the burden of maintaining the hydrants. Since the Utilities Company no longer received any charge for furnishing fire protection, it was only fair that it be relieved of any liability for inadequate fire protection.

Judgment affirmed.