(99 South. 312)

**KNOWLES v. DARK & BOSWELL.**
(3 Div. 655.)

(Supreme Court of Alabama. Feb. 14, 1924.)

**1. Action** ⚎27(2)—**Remedy for malpractice in performing contract either in tort or ex contractu.**

Where defendants were guilty of malpractice in performance of a contract of employment to cure plaintiff of a disease, plaintiff could proceed in tort or ex contractu for the breach.

**2. Election of remedies** ⚎12—**To be conclusive party against whom pleaded must have received benefit.**

For an election of remedies to be conclusive the party against whom it is pleaded must have received some benefit upon his election.

**3. Action** ⚎27(1), 28—**Party may waive either breach of contract or tort, and sue in other.**

Where the same act constitutes both breach of contract and tort, the injured party may waive either cause of action and sue in the other.

**4. Election of remedies** ⚎7(1)—**Settlement of suit for malpractice constituted election precluding suit for breach of contract.**

Plaintiff's settlement for $2,000 of a suit for malpractice in performance of a contract of employment to cure his disease constituted an election of remedies, precluding plaintiff's right to sue for breach of the contract.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action for breach of contract by H. A. Knowles against Dark & Boswell. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Affirmed.

J. D. Bailey, of Florala, and Lee & Graves, of Montgomery, for appellant.

The counts exhibited with the plea were ex delicto, and the contract alleged was merely by way of inducement; the counts would have been sufficient, if based upon legal duty. Satisfaction of the action ex delicto does not bar an action for breach of the contract. White v. Levy, 91 Ala. 179, 8 South. 563; Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863; Caldwell v. Stegall, 5 Bing. 733; Pippin v. Shepherd, 11 Price, 400; Nelson v. Harrington, 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719, 7 Am. St. Rep. 900.

Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

An action against a physician for malpractice, prosecuted to satisfaction, is a bar to a subsequent action based on the contractual relation between the parties. Stokes v. Wright, 20 Ga. App. 325, 93 S. E. 27; 1 C. J. 1030; 20 C. J. 9; 15 Cyc. 254; Lytle v. Bank of Dothan, 121 Ala. 215, 26 South. 6; Barbour Plumbing Co. v. Ewing, 16 Ala. App. 280, 77 South. 430; Alexander v. Mobile Elec. Co., 200 Ala. 586, 76 South. 944. The compromise and settlement of a suit constitutes an election. 20 C. J. 21.

GARDNER, J. Appellant brought this suit against appellees to recover damages for breach of an agreement between the parties, entered into on August 9, 1920, under the terms of which the defendants are alleged to have agreed for a consideration to effect a cure of the disease from which the plaintiff was suffering. Defendants interposed the plea of general issue, and in addition thereto a special plea in substance as follows: That the plaintiff had theretofore filed suit against these defendants, claiming damages for alleged malpractice—a copy of the complaint is made an exhibit to the plea, and discloses a reference to this contract of employment; that subsequent to the bringing of this suit, to wit, September 24, 1921, these defendants paid this plaintiff the sum of $2,000, "in full payment, settlement, satisfaction, and compromise of any and all claims which he had against them or either of them on account of injury alleged by him to have been received during the months of August and September, 1920, by reason of any malpractice on the part of those defendants or either of them." The release is also attached as an exhibit to the plea. It is

———

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

then averred that the damages claimed in the present complaint, and for which these defendants paid the plaintiff the sum of $2,000, were received by the plaintiff under the contract of employment between him and these defendants, entered into August 9, 1920, for the breach of which contract this suit is brought. The demurrer to this plea was overruled, and, on account of this adverse ruling of the court, the plaintiff took a nonsuit and prosecutes this appeal. The ruling of the court as to the sufficiency of this plea is therefore the only question here presented for consideration.

[1] The plea discloses that for the alleged injuries received the plaintiff had a right to proceed against these defendants either in an action in tort or an action ex contractu for the breach of an agreement. Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863, and that he elected to proceed in the tort action, and prosecuted the same to satisfaction—receiving the sum of $2,000 in full payment therefor.

Many illustrations of the right of one receiving injuries to waive the tort and sue on the contract may be found cited in 1 Corpus Juris, 1031 et seq. The question of election of remedies and the effect thereof is discussed in numerous cases cited in the note to 1 Corpus Juris, 1039—among them Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 17 L. R. A. (N. S.) 280.

[2, 3] In this state the rule has been established that for such an election to be conclusive against the party it must appear that the party against whom it is pleaded has received some benefit upon his election. Todd v. Interstate Mortg. & Bond Co., 196 Ala. 169, 71 South. 661; Register v. Carmichael, 169 Ala. 588, 53 South. 799, 34 L. R. A. (N. S.) 309; 20 Corpus Juris, 32. It is also well established that, where the same act constitutes both a breach of the contract and a tort, the injured party may waive the contract and sue in tort, and the same rule applies as to waiver of the tort and a suit on the contract. 1 Corpus Juris, 1040. In Hobbs v. Smith, 27 Okl. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697, this rule is expressed in the following language:

"And, although there are some few cases not in harmony, the rule, under the great weight of authority, is well established that, where a breach of contract is permeated with tort, the injured person may elect to waive the contract and recover in tort; or, differently stated, although the relation between the parties may have been established by contract, express or implied, if the law imposes certain duties because of the existence of that relation, the contract obligation may be waived, and an action in tort maintained for the violation of such imposed duties."

We are cited by counsel for appellee to the case of Stokes v. Wright, 20 Ga. App. 325, 93 S. E. 27, as more nearly in point. There the plaintiff prosecuted an action in tort against the physician, and, failing in his suit by reason of the statute of limitation, brought a second suit to recover as for a breach of the contract. The court held the plaintiff was concluded by his election in the first instance to prosecute the suit in a tort action, saying:

"The plaintiff had the right to bring his action in tort, or for the breach of duty arising out of the contract of employment, express or implied. It is settled law that one may pursue any number of concurrent and consistent remedies, but, as between conflicting and inconsistent remedies, he must elect. He will not be permitted, after the choice of one of several inconsistent and conflicting remedies, which he might originally have pursued at his option, to change his position and take a course wholly inconsistent with the remedy which he first selected. When he elected to sue in tort and actually commenced his action for the tort, and prosecuted the same to an adverse decision, his right to sue on the contract was lost."

[4] The reasoning of the court in this authority is applicable to the case here presented, though, in view of the rule established in this court, as disclosed by Register v. Carmichael, supra, and Todd v. Interstate Mortg. & Bond Co., supra, we need not commit ourselves to the conclusion of the court in that particular case (Stokes v. Wright); for in the instant case the plaintiff prosecuted his suit to a satisfaction of his claim.

"The compromise and settlement of a suit constitutes such an election as will preclude plaintiff from thereafter prosecuting an action based upon a theory inconsistent with that on which the former action was maintained." 20 Corpus Juris, 2.

The damages which plaintiff received grew out of the contract, for a breach of which the present action is sought to be maintained. The plaintiff elected to pursue his remedy in a tort action, and received his compensation thereunder. The same act constituted both a breach of the contract and a tort, and it would be manifestly unjust to permit the plaintiff to thus split up his cause of action to recover both in tort and under the contract. Happily, the justice of the case and the law are in accord.

The court below properly overruled the demurrer to the plea, and the judgment rendered will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.