(128 So. 376)

### BROWN v. FOGARTY.

6 Div. 406.

Supreme Court of Alabama.
April 10, 1930.

Rehearing Denied May 22, 1930.

284

W. K. Terry and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

Jim Gibson, of Birmingham, for appellant.

FOSTER, J.

This action was tried on a single count, B. It attempts to charge the breach of a contract in connection with the rental of a house between plaintiff and her husband, as tenants, and defendant, as landlord, whereby defendant orally agreed to repair the house, including the steps; that he breached the contract, leaving the steps in bad condition, as a result of which the steps broke while she' was using them, causing the injuries described in the complaint. Demurrer to this count was overruled. The case was tried, resulting in a verdict for plaintiff. The court sustained a motion to set aside the verdict and judgment, and granted a new trial, and plaintiff has appealed from that judgment.

Count B of the complaint was evidently drawn with a view of meeting the requirements of our cases of Hart v. Coleman, 192 Ala. 447, 68 So. 315; Id., 201 Ala. 345, 78 So.

201, L. R. A. 1918E, 213, but it must be considered also in the light of Adler v. Miller, 218 Ala. 674, 120 So. 153, 159. It is an effort to follow count 1 as set out in the report of the case of Hart v. Coleman, supra. It is not very clear; neither is count 1 in Hart v. Coleman as to whether the covenant to repair was a part of the original contract and supported by the consideration of that contract, or whether it was made subsequently, and was by the month, so that the tenants under it had the right to terminate it at the end of any month on sufficient notice, and threatened to do so, and, as an inducement not to exercise their right, the promise to repair was made. And while it alleges that plaintiff and her husband were the tenants of defendant, it supplements that by the averment "that in consideration of *plaintiff's husband* paying rent for the house and lot, including the steps thereto and plaintiff *remaining* in said house the defendant, etc., orally agreed," etc. The demurrer in some of its grounds went to the sufficiency of these averments, in that they were vague, uncertain, and indefinite. It seems to allege that the husband was to, and did, pay the rent, and that her part of the consideration was that she *remained* in said house. The mere fact that she remained in said house as the wife of her husband would not make her a party to the contract. The averment without more that she and her husband were tenants of defendant does "not aver with sufficient certainty the contract or legal effect thereof." Adler v. Miller, supra. And, as there said: "It should set forth the conditions on which the right of the action ex contractu for personal injury rests, as stated in Hart v. Coleman, supra." It does not appear that the court, in the latter case, considered the sufficiency of the complaint in this respect. The ruling of the court granting a new trial could be sustained therefore on error in overruling the demurrer to count B. ·

Many of the facts which were essential to a recovery were in sharp dispute, and tendencies of the evidence in material conflict. Such disputed facts and conflicting tendencies may be summarized as follows:

1. Was plaintiff a party to the contract of rental, for breach of a stipulation respecting which the suit is founded, as attempted to be alleged in the complaint?

2. Was there in fact any such a stipulation to repair the steps?

3. If so, was it based upon a sufficient consideration, as defined in Hart v. Coleman, supra?

4. Were the steps in the defective condition claimed by plaintiff, and did she sustain her injuries as a proximate result of their defective condition, and the failure to repair them as may have been promised?

5. Did the agent, who is alleged to have made and breached the contract, have due authority from the defendant?

6. Was the amount of the verdict so excessive as to require that it be vacated?

There was a verdict for plaintiff assessing her damages at $4,500. It was a ground of the motion for new trial that the amount of this verdict was so excessive as to justify and require favorable action on said motion.

We do not know what ground of the motion was controlling to cause the judgment to be set aside, and a new trial ordered. The trial judge was in much better position than we to pass upon the effect of the evidence as to those six matters of fact. We cannot say that there was error in holding that the verdict as to some one or all of such matters was so contrary to the great weight of the evidence as to justify the order setting it aside. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Considering the assignments of error in the light of the foregoing discussion, we cannot conclude that there is reversible error on this appeal.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.

On Rehearing. ·

FOSTER, J.

Complying with a request made by appellant's counsel, we are willing to extend the opinion in a manner which we thought unnecessary, when considered in connection with cases there cited.

The complaint is for the breach of a contract. It is not in tort. Therefore, the plaintiff must be a party to the contract, as· she does not undertake to show facts which entitle one to sue for breach of a contract between third persons, when its direct purpose was for the benefit of plaintiff, but cannot do so when the benefit to the plaintiff was only incidental and indirect. The contract which is the basis of the action was not alleged with sufficient detail, as to its parties, the time of its execution, and its duration, and whether the promise to repair was a part of the original contract or subsequently added, and, if the latter, whether there was any new consideration for it, and whether it was verbal or in writing. It was therefore subject to the same defects as were pointed out in Adler v. Miller, 218 Ala. 674, 120 So. 153. When such is the case, its averments cannot be supplied by the proof, as was there pointed out. It is sufficient, we think, merely to say that in this nature of action, where· the suit is for the breach of a contract, the same particularity in pleading the contract is necessary as would

be true in suing for the breach of any other contract.

We undertook to point out in the opinion that the complaint did not sufficiently do so, and referred to Adler v. Miller, supra, where this question was fully discussed.

Rehearing overruled.