**ROYAL INDEMNITY COMPANY**

v.

**CITY OF ERIE.**

**Civ. A. No. 18–71 Erie.**

United States District Court,
W. D. Pennsylvania.

April 23, 1971.

Andrew J. Conner, Erie, Pa., for plaintiff.

Edward A. Pastewka, Erie, Pa., for defendant.

KNOX, District Judge.

This complaint was brought by Royal Indemnity Company, a foreign fire in-

surance company, as the subrogee of Arthur F. Schultz Company following a fire in the City of Erie, Pennsylvania on July 26, 1970, in which a large building and its contents were destroyed. Plaintiff alleges that it has paid Schultz $488,994.05 pursuant to its contract of insurance as a result of which it is subrogated to Schultz's rights against the City of Erie, a Pennsylvania municipal corporation. It is alleged that the City was negligent in supplying water for the control of the fire and that the City operated its water bureau in a commercial or proprietary fashion and charged the users for supply of water.

Defendant has filed a Motion to Dismiss claiming the complaint fails to state a cause of action upon which relief can be granted and that the City in the operation of its fire bureau is acting in a governmental capacity and is, therefore, immune from suit. At the argument, the City withdrew the latter objection and admitted that it could not raise the defense of governmental immunity in connection with the operation of its water bureau even though it is alleged that it supplied insufficient water for fire fighting purposes. The defendant conceded that it supplied water even for fire fighting purposes in its proprietary or commercial capacity, and hence could be sued for negligence. The City contends, however, that it, or a private water company, cannot be held for supplying insufficient water for fire fighting purposes.

The law of Pennsylvania with respect to the liability of a city or private water company for supplying insufficient water for fire fighting purposes has recently been considered by the Supreme Court of Pennsylvania in Doyle v. South Pgh. Water Co., 414 Pa. 199, 199 A.2d 875 (1964) and Malter v. South Pgh. Water Co. and Whitehall Borough, 414 Pa. 231, 198 A.2d 850 (1964).

Malter is particularly important in connection with our present problem. It was there held that the Borough was responsible for "failure to discharge its proprietary duty in maintaining and operating the Borough's water system". While much of the language is limited to repair and maintenance of the lines, much of it would be equally applicable to design and installation. In the course of the decision, the court cites City of Chicago v. Selz Schwab & Co., 202 Ill. 545, 67 N.E. 386, where the city was held liable for damage caused by its negligence in failing to repair a leaking water pipe. It would seem that there is no logical difference between failure to repair a leak in a pipe as a result of which there is insufficient water pressure as in the Chicago case and failing to supply a pipe of sufficient size as a result of which there is insufficient water or water pressure to fight a fire.

In the instant case, the negligence of the City is charged in general language and further it is specifically charged to have failed to have "sufficient water, water supply, water pressure, water carrying pipes and water carrying equipment in the vicinity" so as to control the fire "all of which needs the defendant knew or should have known from past experience". It is further alleged that the City failed to have an adequately designed water system to provide the necessary water services to the building in question.

Particularly apropos in the present situation is the case of Renrag Corp. v. Dauphin Consolidated Water Supply Co. (Dauphin Co. 1969) 46 Pa.Disc. & Co.R. 2d 664). In that case, the defendant was charged with negligently having failed to maintain a water system adequate to provide water for fire fighting services and preliminary objections to the complaint in the nature of a demurrer were dismissed.

Under these circumstances, it is our opinion that the complaint sufficiently alleges a cause of action against the City to require overruling a motion to dismiss.

The Motion to Dismiss also claims that it appears from the complaint that the plaintiff is only a partial subrogee

in that it paid only a part of the loss sustained by the fire to the Arthur F. Schultz building and, therefore, it is not a real party in interest and that the insured should be joined. Since Arthur F. Schultz Company, a corporation, the owner of the building, is a citizen of Pennsylvania, this would automatically oust the jurisdiction of this court.

██ Regardless of what the Pennsylvania rule may be with respect to splitting causes of action, this is a procedural matter which is governed by the federal Rules of Civil Procedure. See Rule 17(a). The leading case in this area is the decision of the U. S. Supreme Court in United States v. Aetna Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1948), where it was held that a partial subrogee such as plaintiff herein may sue in its own name but that other parties in interest may be compelled to be joined as necessary but not indispensable parties under Rule 19(b). In this, a Federal Tort Claims Act case, the court said "the pleadings should be made to reveal and assert the actual interest of the plaintiff and to indicate the interest of any others in the claim. Additional parties may be added at any stage of the proceedings on motion of the United States upon such terms as may be just." The court further said:

"It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions." 338 U.S. 382, 70 S.Ct. 216, 94 L.Ed. 196.

This district court has dealt at length with this situation in the case of St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co., et al., 166 F.Supp. 11 (W.D.Pa.1958—Opinion by Judge Marsh,

presently Chief Judge). The court's opinion reads, in part, as follows:

"The Yorkshire case [Yorkshire Ins. Co. v. United States, 171 F.2d 374] in effect approves the prosecution of a suit by a partial subrogee and holds that the defendant is protected from the multiplicity of suits by its opportunity under the rules to join the necessary parties. In a footnote on page 376 of 171 F.2d it is stated:

'It is clear that the property owner and other insurers, if any, are necessary parties * * * But they are not indispensable in the sense that a final decree cannot be made without affecting their interests or leaving the controversy in such a condition that its final determination is inconsistent with equity.'

See also footnote 19 in United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216. In affirming the Yorkshire case and three others, the Supreme Court in United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216, with reference to the defendant's right to join necessary parties in order to alleviate the multiplicity-of-suits hardship resulting from permitting several suits on one claim, stated:

'* * * [T]here will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the actions under Rule 19(b).'

The court recognizes that 'in such cases' a tortfeasor 'may have to defend two or more actions on the same tort.'

██ Pleadings, however, should disclose the names of all the real parties in interest in order that defendant may compel their joinder. Rule 21, Fed.R.Civ.P. See: United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216.

574

For the foregoing reasons an appropriate order will be entered denying the defendants' motions to dismiss, but requiring plaintiff to amend its complaint to disclose the names of all the real parties in interest."

For these reasons, we will deny the Motion to Dismiss on these grounds but require an amendment of the complaint to disclose the names of all the real parties in interest.

Defendant has also filed a Motion for More Definite Statement. However, under the Federal System of notice pleading, the court finds that the complaint is more than definite enough in its allegations of negligence. See Form 9, Fed. Rules Civ.Procedure, at page 85 of Title 28 Fed.Rules of Civ.Procedure.

In the light of the foregoing, we need not consider at this time the question as to whether the action is sustainable under § 402(a), Restatement of Torts. We will have to await completion of discovery and a full development of the factual situation before making that determination.