[No. 478-3. Division Three. December 4, 1972.]

ADA SHANNON, *Appellant,* v. THE CITY OF GRAND COULEE, *Respondent.*

*K. D. Peterson* (of *Milne & Peterson*), for appellant.

*Robert W. Thomas* and *David Danielson* (of *Lane, Powell, Moss & Miller*), for respondent.

MUNSON, C.J.—Plaintiff, Ada Shannon, brought this action against defendant City of Grand Coulee for damages alleging failure to properly control a fire on her premises. From an adverse judgment, rendered after jury verdict, plaintiff appeals.

The primary issue on appeal is whether the trial court erred in failing to direct a verdict against defendant on an issue of negligence. We hold the trial court erred.

In 1968, on a bitter cold and windy December 28, at approximately 7:30 a.m., a fire was reported to the Volunteer Fire Department of the City of Grand Coulee. Within minutes the first fire truck arrived at the scene and firemen attached hoses to the fire hydrant nearest plaintiff's burning commercial property. The hydrant was dry. Firemen driving a second truck, aware that the first truck was at-

tempting to hook up to the nearest hydrant, stopped at the next nearest hydrant, attached hoses, and began laying its hoses from the hydrant to the burning property. Upon learning that the hydrant to which the first truck attached hoses was dry, the hoses from the first truck were hooked onto the second truck's hoses and water thereby carried into the first. Another hydrant, also some distance from the burning property, was later used.

The fire, for all practical purposes, completely destroyed the buildings upon plaintiff's property, i.e., a restaurant owned and operated by plaintiff, and a laundry and tavern leased to third parties.

▮ Plaintiff assigns error to the court's failure to direct a verdict in her favor and give her proposed directed verdict instruction. No exception was taken to the failure to give this instruction; hence, we do not consider that assignment on appeal. *Moore v. Mayfair Tavern, Inc.,* 75 Wn.2d 401, 406, 451 P.2d 669 (1969). The trial court's denial of plaintiff's motion for directed verdict, which we do consider, involved only one of her several allegations of negligence. Since the existence of all four elements of negligence was a factual question in each of the other allegations of negligence, these allegations were properly submitted to the jury.

The motion for directed verdict was based upon the allegation that defendant, as a matter of law, was negligent in failing to supply water to the hydrant directly across from plaintiff's property. Her motion can be interpreted in two ways:

(a) She asked the court to find defendant "negligent", i.e., "liable", as a matter of law. As so expressed, she used the term "negligent" in a broad sense to include the element of proximate cause, leaving only the computation of a monetary amount as damages for jury determination. *Leach v. Weiss,* 2 Wn. App. 437, 439, 467 P.2d 894 (1970); or,

(b) She asked the court, as a matter of law, rule only that defendant had breached a duty, thus leaving for jury

determination whether that breach was a proximate cause of her damage and, if so, in what monetary amount she should be compensated. In the latter context, she used the term "negligence" as exemplified by WPI 10.01; *Callahan v. Keystone Fireworks Mfg. Co.*, 72 Wn.2d 823, 435 P.2d 626 (1967), *i.e.*, "failure to exercise due care".

Unfortunately, the terms "negligence", "negligent", "liable" and "liability" have been used interchangeably in appellate court opinions and by lawyers. It is the lack of specificity and uniformity in the use of these terms that causes the problem here.

We believe this record indicates the court and the parties understood these terms as used in the context of plaintiff's motion to apply only to defendant's duty, and its alleged breach, by failure to supply water to a specific fire hydrant, *i.e.*, as in (b) above. Thus, the issue of proximate cause remained a factual matter for jury determination. It is in this context that we discuss the denial of plaintiff's motion for directed verdict.

We find that defendant had a duty to furnish an adequate and efficient water service to its residents; that its failure, under the circumstances present here, constituted a breach of that duty.

RCW 80.04.010 states:

> As used in this title, unless specifically defined otherwise or unless the context indicates otherwise:
>
> . . .
>
> "Water company" includes . . . every city or town owning, controlling, operating, or managing any water system for hire within this state: . . .

RCW 80.28.010 states:

> Every . . . water company shall furnish and supply such service, instrumentalities and facilities as shall be safe, adequate and efficient, . . .
>
> . . .
>
> Every . . . water company shall construct and maintain such facilities in connection with the . . . distribution of its product as will be efficient and safe to . . . the public.

 Defendant operates and maintains a water system, supervised by its water department. One of its responsibilities is to supply water to the fire hydrant system in the city of Grand Coulee. The hydrant here at issue was installed at least 6 years before the 1968 fire. In 1966, defendant permitted Biles-Coleman Lumber Company to cut into the line delivering water to this hydrant for the purpose of improving the water delivery to the lumber company. At no time thereafter did defendant inspect this hydrant to see that water was available from it. After this fire, it was determined the valve at the base of the hydrant was closed. No one knows when that occurred, but the valve's placement almost nullifies an accidental closing.

Plaintiff relied upon the presence of this hydrant as a source of her fire protection. Obviously, the fire department relied upon this hydrant as a source from which it could obtain water to perform its duties. The first truck on the scene connected hoses to this hydrant, only to learn it was dry. These circumstances caused some delay in getting water on the fire. Whether or not that delay was a proximate cause of any increased damage to plaintiff's property was a proper question for the jury.

We have no hesitancy to hold that a city maintaining a water system to which fire hydrants are connected has a duty to regularly inspect that system to insure an adequate supply of water flows to those hydrants. Only by so doing, does a city meet the statutory duty to provide an efficient water system, at least when that system is supportive of fire protection. The failure to so inspect over a 3-year period is a breach of that duty as a matter of law.

Hence, the court erred in not granting plaintiff's motion for a directed verdict in the context in which it was made, i.e., a duty and a breach thereof, leaving the issue of proximate cause and the amount of damages, if any, to the jury.[1]

---

[1] Having reached this conclusion, we find it unnecessary to discuss res ipsa loquitur as argued by plaintiff, other than to say we are inclined to believe causation is irrevocably bound up in the breach of duty inferred by the application of that doctrine. *ZeBarth v. Swedish*

Plaintiff also assigns as error the failure to give her proposed instruction No. M. Such assignment is not well taken. Not included therein was the issue of proximate cause. Further, we find the matter was adequately covered by other instructions given by the court.

In reviewing this record, we are unable to discern therefrom some of the alleged misconduct assigned as error and deem the other assignments of misconduct, if it be misconduct, to have been harmless error.

Judgment reversed.

GREEN and EDGERTON, JJ., concur.

Petition for rehearing denied March 20, 1973.

Review denied by Supreme Court May 23, 1973.

Hosp. Med. Center, 81 Wn.2d 12, 499 P.2d 1 (1972). *Contra, Zukowsky v. Brown,* 79 Wn.2d 586, 488 P.2d 269 (1971); *Hall v. Youngstown,* 11 Ohio App. 2d 195, 229 N.E.2d 660 (1967), *aff'd* 15 Ohio St. 2d 160, 239 N.E.2d 57 (1968).