320 So.2d 624

**Cliff B. HARRIS**

v.

**The BOARD OF WATER AND SEWER COMMISSIONERS OF the CITY OF MOBILE, a Public Corporation.**

**SC 851.**

Supreme Court of Alabama.

July 10, 1975.

As Corrected on Denial of Rehearing

Oct. 2, 1975.

Conrad & Hammond, Mobile, for appellant.

Gaillard, Wilkins, Smith, Little & Druhan, Mobile, for appellee.

JONES, Justice.

This appeal results from the trial Court's granting of The Board of Water and Sewer Commissioners of Mobile's (defendant-appellee) motion to dismiss Cliff Harris's (plaintiff-appellant) two-count amended complaint.

Harris, a resident and taxpayer of Mobile, owned and operated a motel and restaurant in Mobile County. The Board is a public corporation organized pursuant to Tit. 37, § 402(28–46), Code of Alabama 1940 (Recomp. 1958). By virtue of a contract with the City of Mobile, the Board is charged exclusively with the water and sewer system responsibilities for Mobile County. As part of its contractual obligation to the City, the Board is to provide fire hydrants and to maintain an adequate supply of water for the proper functioning of those hydrants.

On August 28, 1971, Harris's motel and restaurant caught fire; and firemen, according to the complaint, were unable to extinguish the fire because the hydrants were dead (dry). Consequently, the motel and restaurant were totally destroyed.

Harris's amended complaint, alleged, inter alia:

(1) The defendant had the exclusive contract for water distribution with the City of Mobile, who acts as an agent for all of its taxpaying citizens.

(2) In said contract, defendant agreed to provide water and fire protection and properly functioning fire hydrants.

(3) It breached this contract in that it caused or allowed an inadequate water supply to exist in the fire hydrant closest to plaintiff's property, and, as a direct and proximate result of said breach, plaintiff's motel and restaurant were needlessly destroyed by fire.

(4) The defendant negligently maintained the fire hydrant which caused the water failure in the hydrant; and, as a direct and proximate cause of this negligence, city firemen were unable to contain the blaze which resulted in the loss of plaintiff's property.

Two issues confront us:

(1) Is there sufficient privity of contract between Harris and the Board to allow his cause of action to lie for breach of contract?

(2) Whether the Board, a public corporation, enjoys the traditional defense of sovereign or governmental immunity, and thus incurs no liability for its failure to maintain an adequate water supply in the hydrants?

We reverse the order of dismissal entered by the trial Court. We hold that the Board does not now enjoy such immunity and there is sufficient privity to allow the contract action. We remand this cause for further proceedings not inconsistent with this opinion.

I.

Count One: Breach of Contract

As to the existence vel non of privity of contract, this Court has twice held that the property owner cannot maintain an action

against a water company for the loss of property proximately resulting from its failure to provide sufficient water or water pressure for fire purposes, as is required by its contract with the municipality —there being a want of privity between such property owner and the water company. *Ellis v. Birmingham Water Works Company*, 187 Ala. 552, 65 So. 805 (1914); *Lovejoy v. Bessemer Waterworks Company*, 146 Ala. 374, 41 So. 76 (1906).

At this point, we note that through the years there has been a substantial degree of confusion as to the distinction in these situations (if, indeed, such distinction exists) between the requirements that a party be in privity of contract or be a third party beneficiary to the contract. See Murray, *Murray On Contracts*, § 278 (1974). This distinction was clearly delineated by Justice Stone in *La Mourea v. Rhude*, 209 Minn. 53, 295 N.W. 304, 306 (1940):

> "Many cases dealing with recovery by a third party beneficiary have also required and discussed the element of privity as prerequisite to recovery. Those dealing with promises to a public corporation for the benefit of its citizens have found that factor in the 'obligation to protect its inhabitants' resting on a governmental unit in making public contracts . . . Under the rule as we view it, such obligation is immaterial. Privity, in the law of contracts, is merely the name for a legal relation arising from right and obligation. For example, A, by contract, secures a promise from B. A may transfer his right of enforcement to C. C thereby succeeds to A's right of action, and, in consequence, comes into the relationship with A and B which we call privity of contract. Instead of waiting to do it by assignment, A may, at the outset, exact from B the same promise in favor of C. It is enforceable by C, who thereby has come directly into the legal relationship with B. That illustrates the normal course of things resulting in privity of contract, which is but a descriptive term, designat-

ing effect rather than cause. In short, privity of contract is legal relationship to the contract or its parties. To affirm one's right under a contract is therefore to affirm his privity with the party liable to him.

> "That simple truth removes the difficulty arising from the complicated notions expressed by judges and text writers concerning privity of contract. The term has been much misused. In consequence, we have the process referred to by Judge Cardozo in *Ultramares Corp. v. Touche*, 255 N.Y. 170[180], 174 N.E. 441, 445, 74 A.L.R. 1139, when he said: 'The assault upon the citadel of privity is proceeding in these days apace. How far the inroads shall extend is now a favorite subject of juridical discussion.' Mr. Page, in respect to the right of a beneficiary of a contract, asserts that the true explanation is that no privity is necessary between beneficiary and promissor. 4 Page, Law of Contracts, 2d Ed. 1920, p. 4211, § 2388. It is said, concerning the right of a beneficiary to recover: 'The very essence of the American rule is that such privity is not necessary.' Annotation, 81 A.L.R. 1289. The truth is, says Mr. Williston, 'that through this travail [of the conflicting notions of judges and text writers] the common law has given birth to a distinct, new principle of law which takes its own place in the family of legal principles, and gives not only to a donee beneficiary, but also to a creditor beneficiary, the right to enforce directly the promise from which he derives his interest.' 2 Williston, Contracts, Rev.Ed., § 357, p. 1049.

> "Our submission is that all such discussion (including this) has no more than academic value because, the beneficiary's right to recover established, with the resulting obligation of the promissor in his favor, there arises the relation we call privity. Anyway, privity or no privity, the overwhelming weight of authority and the entire weight of all

inherent factors of the problem speak for recovery by this beneficiary."

■ Alabama law is clear to the effect that one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promissor. *Anderson v. Howard Hall Company*, 278 Ala. 491, 179 So.2d 71 (1965); *Mutual Benefit Health & Accident Association of Omaha v. Bullard*, 270 Ala. 558, 120 So.2d 714 (1960); *Tennessee Coal, Iron & Railroad Co. v. Sizemore*, 258 Ala. 344, 62 So. 2d 459 (1952); *Employers Ins. Co. of Alabama v. Rhodes*, 240 Ala. 226, 198 So. 616 (1940); *Employers Ins. Co. of Alabama v. Johnston*, 238 Ala. 26, 189 So. 58 (1939); *Barlowe v. Employers Ins. Co. of Alabama*, 237 Ala. 665, 188 So. 896 (1939). The only condition being that the third person must have been intended to be directly and not incidentally benefited. *Anderson v. Howard Hall Company, supra; Brown v. Fogarty*, 221 Ala. 283, 128 So. 376 (1930).

The third party beneficiary rule has also been the basis of recovery under similar factual situations in other jurisdictions. *Royal Indemnity Co. v. City of Erie*, 326 F.Supp. 571 (W.D.Pa.1971); *Doyle v. South Pittsburgh Water Company*, 414 Pa. 199, 199 A.2d 875 (1964); *Potter v. Carolina Water Company*, 253 N.C. 112, 116 S. E.2d 374 (1960); *Pineville Water Company v. Bradshaw*, 266 S.W.2d 305 (Ky. 1953).

■ In our present situation, how can it be said that Harris is not the very party for whose benefit the contract was made? We agree that the City itself enjoys some degree of direct benefit from their contract with the Board since its own property is protected. But, in the end, the most direct benefit inures to the people of the City, like Harris, who rely on these city-provided services for the protection of their property. This is not to say that the Board is an insurer against all fire losses, but it should be answerable to all those who are injured by its breach of the contract to supply water or its negligent maintenance of nonfunctioning fire hydrants where damage results proximately therefrom. We find that the facts alleged are sufficient to show that benefits of the contract in question flow to Harris, and thus make him a third-party beneficiary entitled to sue on the contract for its breach.

## II.

### Count Two: Negligent Maintenance

The negligence count, though based in tort rather than contract, is also an acceptable ground under which Harris may elect to sue the Board. As set forth in *Tennessee Coal, Iron & Railroad Co. v. Sizemore, supra*, 258 Ala. at 349, 62 So.2d at 463:

"A complaint for the breach of a contract in not performing the obligation there expressed, or not doing it in the way specified, is not in tort, and cannot be unless the non-performance is by reason of a failure to exercise the care required by law in attempting to perform If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, his performance may be negligent, giving rise to a tort. *Sloss Sheffield Steel & Iron Co. v. Wilkes*, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385. So that the allegation mere ly that he breached his contract by fail ing to install a proper ventilating system. as the contract requires, does not show any negligence or failure to exercise the due care required by legal implication to install such system. Non constat, he did exercise due care to do so, but did not accomplish the task for some other reason.

"But even when the complaint shows that the breach of the contract was also a negligent failure to perform a duty which the law imposes by reason of such

contract, the injured employee may sue either for the breach of the contract when he is a party to it, or it is made for his direct benefit, or may sue in tort for the breach of the duty imposed by law. *Mobile [Life] Ins. Co. v. Randall,* 74 Ala. 170, 177. So that, if we assume that the facts alleged show a duty on the part of defendant to exercise due care to furnish plaintiff a reasonably safe place to work by reason of his employment, as in effect stipulated in his contract, and that his negligent failure in that regard furnished ground for a tort action, *Woodward Iron Co. v. Craig,* 256 Ala. 37, 53 So.2d 586; *Gentry v. Swann Chemical Co.,* 234 Ala. 313, 174 So. 530, it does not follow that defendant may not also be liable for a breach of its contract to do so.

"Under such circumstances, the injured employee, who is a party to the contract or one for whose direct benefit it was made, may sue for its breach in assumpsit, or may sue in tort for negligence in failing to perform a duty imposed by law. He has an election in that respect. *Lambert v. Jefferson,* 251 Ala. 5, 36 So.2d 594; *Davis v. Ruple,* 222 Ala. 52, 130 So. 772; *Adler v. Miller,* 218 Ala. 674, 120 So. 153; *Knowles v. Dark,* 211 Ala. 59, 99 So. 312; *Mobile [Life] Ins. Co. v. Randall,* 74 Ala. 170."

See also *Vines v. Crescent Transit Company,* 264 Ala. 114, 85 So.2d 436 (1955).

There are two basic avenues by which tort liability might be found to exist in this case. First, the failure to act when there is a legal duty to do so is sufficient to support a cause of action in negligence. *Moseley v. Alabama Power Co.,* 246 Ala. 416, 21 So.2d 305 (1945); *Tennessee Coal, Iron & Railroad Co. v. Smith,* 171 Ala. 251, 55 So. 170 (1911). Second, the well-established and long-followed tort liability doctrines espoused by Justice Cardozo in *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916) are likewise sufficient to support a tort action.

In order for Harris to have a cause of action grounded in negligence, three essential elements must be found: (1) There must be a duty owed by the Board to Harris. (2) There must be a breach of that duty, either by omission or commission. (3) There must be an injury sustained by Harris in consequence of that breach. *Sammons v. Garner,* 284 Ala. 131, 222 So. 2d 717 (1969); *Malone Freight Lines, Inc. v. McCardle,* 277 Ala. 100, 167 So.2d 274 (1964).

As to whether there is a duty owed by a water works board to an individual citizen with respect to fire hydrants, the Pennsylvania Supreme Court, in *Doyle v. South Pittsburgh, etc., Co., supra,* dealt very skillfully with that precise issue. The holding in *Doyle* is to the effect that, even if the water company had no duty to provide the fire hydrants in the first place, once the hydrants were there, the water company did have an imperative duty to see that reasonable care was exercised in the maintenance and repair of the hydrants.

We adhere to that principle and here told that, given the fact that the hydrant was installed, the failure to use reasonable care in its maintenance, including the supplying of water thereto, is a sufficient breach of duty to provide a party with a cause of action under the theory of simple negligence.

In addition to the Pennsylvania case already cited, at least three other recent decisions have held there is a duty owed to the plaintiff in similar situations. *Shannon v. City of Grand Coulee,* 7 Wash.App. 919, 503 P.2d 760 (1972); *Royal Indemnity Co. v. City of Erie, supra; Potter v. Carolina Water Co., supra.*

Moreover, our decision is but a natural extension of *Brown v. City of Fairhope,* 265 Ala. 596, 93 So.2d 419 (1957), wherein we held that a property owner could maintain an action against a city water board for negligence in the maintenance of a sewer line. The only real difference in that case and the case at bar is one of degree. In *Brown,* the problem was "too

much water"; here the problem is "not enough water."

■ *MacPherson* discusses at least two possible ways a plaintiff in a situation such as this might recover under well-recognized principles of tort law. First, where one party to a contract assumes a duty to another party to that contract, and it is foreseeable that injury to a third party—not a party to the contract—may occur upon a breach of that duty, the promissor owes that duty to all those within the foreseeable area of risk. Certainly, the facts in the instant case fall squarely within that rule. As to the doctrine of foreseeability, see *Havard v. Palmer & Baker Engineers, Inc.*, 293 Ala. 301, 302 So.2d 228 (1974).

■ Second, although *MacPherson* speaks to a manufacturer's liability, the rationale is equally applicable to a supplier, as here. The pleadings disclose no malfunctions in the operation of the fire hydrant in question, but they do indicate that the owner and supplier failed to have the hydrant ready for the only purpose it had —to provide water for a fire. Manufacturers' tort liability applies in cases where there is no privity between the manufacturer and the ultimate user. While at this point in time it would be of academic curiosity merely, it is at least arguable that Alabama has never required privity as a basis for tort liability; i. e., even in the pre-*MacPherson* era, privity between the parties was not a requisite for liability ex delicto.

■ If the product in question, although not inherently or imminently dangerous in itself, becomes so when applied to its intended use in the usual and customary manner, and an injury is sustained as the natural and proximate result of the use of that article, then the manufacturer is liable to the user. *Defore v. Bourjois, Inc.*, 268 Ala. 228, 105 So.2d 846 (1958). The fireplug was to be used in the usual and customary manner and the injury was sustained as the natural and proximate re-

sult of the inability to use that article, according to Harris's complaint. What can be more imminently dangerous that a fireplug that does not function when it is needed to fight a fire?

The rhetorical questions posed by the Pennsylvania Supreme Court in *Doyle v. South Pittsburgh Water Co., supra,* clearly indicate the need for allowing liability to lie with the wrongdoer.

"Could the needs of domiciliary life require anything more vitally than proper fire protection? Could anything be more cruelly deceptive than fire hydrants which do not function? Could there be a greater lapse of care than to fail to properly inspect and maintain fire hydrants once they have been established and the community has accepted them as being live guardians and not mere painted cast iron?"

### III.

#### Municipal Immunity

■ Whether our holding herein would have obtained had we accorded validity to the municipal immunity defense, we need not decide in view of our decision abolishing the application of this doctrine, this date released, in *Jackson v. City of Florence*, 294 Ala. 592, 320 So.2d 68. Because we are expressly overruling *Ellis* and *Lovejoy,* however, the policy reasons for quasi prospective application is equally valid here, i. e., relief is afforded to the instant plaintiff and to others similarly situated who incur injury or damage from this date hence.

Reversed and remanded.

FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.

BLOODWORTH, J., concurs in the result.

HEFLIN, MERRILL and MADDOX, JJ., dissent.

**614**

MERRILL, Justice (dissenting).

My reasons for dissenting are the same as those appearing in my dissent in *Jackson v. City of Florence*, 294 Ala. 592, 320 So.2d 68.

MADDOX, J., concurs.

ON REHEARING

JONES, Justice.

Opinion corrected and application for rehearing overruled.

BLOODWORTH, FAULKNER, AL-MON, SHORES and EMBRY, JJ., concur.

HEFLIN, C. J., and MERRILL and MADDOX, JJ., dissent.