John L. Pope appeals from a summary judgment for William C. McCrory and McCrory Williams, Inc., on his claims of negligence and breach of contract. We affirm.
Viewed most favorably to Pope, the depositions and pleadings set out the following facts: Mr. Myron Rogers offered a parcel of property for sale. Mr. Larry Tisdale, interested in purchasing the Rogers property, contracted with the engineering firm of McCrory Williams to perform a percolation test and to survey the property. McCrory Williams performed the test and survey and prepared an application to install an individual water supply and prepared an on-site sewage disposal report that was filed with the Baldwin County Health Department. In turn, the Health Department approved the use of any on-site disposal system on the property. Subsequently, Mr. Tisdale decided not to purchase the property. Thereafter, John L. Pope bought the 4.8-acre parcel from Rogers.
At the closing of the Pope-Rogers sale, the seller's lawyer gave Pope a copy of the McCrory Williams test report and survey. The County Health Department thereafter substituted Pope for Tisdale on the application to install an individual water supply and on the on-site sewage disposal report, in accordance with Department policy, and the report was used by the Department in reviewing Pope's building plans and issuing the necessary permits. While the septic tank was being installed, it was discovered that the water table in the tank hole was approximately three feet below ground and rising. Installation was stopped and approval of the septic tank permit was withdrawn.
Rule 56, A.R.Civ.P., sets out a two-tiered standard for determining whether to enter a summary judgment. In order to enter summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P., RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala. 1990). In determining whether summary judgment was properly granted, the appellate court must view the motion in a light most favorable to the nonmovant. Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784 (Ala. 1981). In reviewing the trial court's decision, we are limited to those factors and that evidence considered by the trial court. Prudential Insurance Co. v.Coleman, 428 So.2d 593 (Ala. 1983), Turner, 475 So.2d at 542.
Rule 56 is to be read in conjunction with the "substantial evidence rule" for actions filed after or on June 11, 1987. See § 12-21-12, Alabama Code 1975, and Bass *Page 1099 v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). Thus, to defeat a properly supported motion for summary judgment, Pope must present "substantial evidence, i.e., evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
All parties agree that the issue on appeal is foreseeability. "The ultimate test of a defendant's duty to use due care is the foreseeability of the harm which would result if due care was not exercised." Alabama Power Co. v. Henderson, 342 So.2d 323,326 (1976). In Harris v. Board of Water Sewer Commissionersof the City of Mobile, 294 Ala. 606, 320 So.2d 624 (1975), we stated that where one party to a contract assumes a duty to another party to the contract and it is foreseeable that injury to a third party, not an original party to the contract, may occur upon a breach of the owed duty, the promissor owes a duty of care to all those within the foreseeable area of risk. The rationale behind our holding in Harris is explained by Professor Prosser:
 "[B]y entering into a contract with A, the defendant may place himself in such a relation toward B that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that B will not be injured. The incidental fact of the existence of the contract with A does not [negate] the responsibility of the actor when he enters upon a course of affirmative conduct which may be expected to affect the interests of another person."
W. Prosser, Law of Torts § 93 at 622 (4th ed. 1971).
Pope relies upon Harris in arguing that McCrory and McCrory Williams owed him a duty of care, arguing that it was foreseeable that Pope would rely upon the results of the percolation test performed by McCrory and McCrory Williams. Others similarly situated have relied upon Harris for support.Ray v. Montgomery, 399 So.2d 230 (Ala. 1980), provides a good example of such reliance.
In Ray, the plaintiffs, Henry and Patricia Ray, purchased a used residence from Dean and M.C. Montgomery; unknown to the Rays, the house had sustained termite damage. The Montgomerys had originally purchased the home from E.W. and Minniesota Bailey. The Baileys had contracted with Guaranty Pest Control for termite extermination, and the residence was treated on a yearly basis until the time it was sold to the Montgomerys. The Rays, citing Harris, argued that they were owed a duty of care from Guaranty even though the contract of sale between the Montgomerys and the Rays provided that the Montgomerys made no warranties other than as to title and had no liability for any defects or repairs. We stated in Ray:
 "There is no contractual obligation on the part of Guaranty to the Rays. Protection under the service contract does not run to the owner of the property but to the contractual parties. The Rays are not third-party beneficiaries under that contract as they were not intended beneficiaries. The contract was entered into for the purpose of protecting the house as the property of the Baileys. The Baileys were protecting their interest and investment and were not altruistically protecting the property for subsequent purchasers. The appellants' reliance on Harris v. Board of Water and Sewer Commissioners of City of Mobile, 294 Ala. 606, 320 So.2d 624 (1975), is misplaced as the contract in that case was a public rather than a private one, and the benefit of that contract ran directly to land-owning members of the public."
399 So.2d at 233.
As the Rays' reliance on Harris was misplaced, so is Pope's. The contract between Tisdale and McCrory Williams was private, not public. Tisdale wanted to be sure that the land would "perc" before he bought it, to protect his investment, not that of someone else who might buy the lot if he did not. Pope was not a third-party beneficiary of the Tisdale-McCrory Williams contract. To recover under a *Page 1100 
third-party beneficiary theory, Pope must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon him; 2) that he was an intended beneficiary of the contract; and 3) that the contract was breached. Sheetz, Aiken Aiken v. Spann, Hall, Ritchie,Inc., 512 So.2d 99 (Ala. 1987). Pope has presented no evidence that would meet the Sheetz, Aiken test. The mere fact that Pope was given a copy of the test results by the seller's lawyer during the close of the property sale does not tend to prove that McCrory Williams ever envisioned that Pope would be a direct beneficiary of its contract with Tisdale. See ColonialBank of Alabama v. Ridley Schweigert, 551 So.2d 390, 396
(Ala. 1989).
Summary judgment on Pope's negligence and breach of contract claims was proper. For the reasons stated herein, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.